N THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SUSAN R. JONES                                                                                               PLAINTIFF

vs.                                            Civil No. 2:11-cv-02194

MICHAEL J. ASTRUE                                                                                     DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Susan R. Jones ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and reviewing the arguments of counsel, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

1. **Background:**

Plaintiff protectively filed her current applications on July 29, 2010. (Tr. 10, 144-150). In those applications, Plaintiff alleges the following impairments cause her to be unable to work: lumbar back pain, a tumor on her ovaries, heart problems, pain, obesity, bipolar disorder, high blood pressure, and osteoarthritis. (Tr. 191). Plaintiff alleges an onset date of January 1, 2010. (Tr. 10). These applications were denied initially and again upon reconsideration. (Tr. 88-91).

1

Thereafter, on November 18, 2010, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 102-114). An administrative hearing was held on May 5, 2011 in Fort Smith, Arkansas. (Tr. 38-87). At the administrative hearing, Plaintiff was present and was represented by Fred Caddell. *Id.* Plaintiff and Vocational Expert ("VE") Larry Seifert testified at this hearing. *Id.*

On July 5, 2011, subsequent to the hearing, the ALJ entered an unfavorable decision on Plaintiff's applications. (Tr. 10-23). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through June 30, 2012. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2010, her alleged onset date. (Tr. 12, Finding 2). The ALJ determined Plaintiff had the following severe impairments: obesity; osteoarthritis of her left knee; mood disorder; anxiety disorder; personality disorder; pain disorder; status post bilateral carpal tunnel syndrome surgery; and coronary artery disease status post myocardial infarction with chest pain. (Tr. 13, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13-15, Finding 4).

In his opinion, the ALJ determined Plaintiff was forty-five (45) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (DIB) and 20 C.F.R. § 416.963(c) (SSI). (Tr. 21, Finding 7). The ALJ also determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 21, Finding 8).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 15-21, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the

2

ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary works as defined in 20 CFR 404.1567(a) and 416.967(a) except that she can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl.  She can never climb ladders, ropes and scaffolds.  The claimant can no more than occasionally operate foot controls with her left lower extremity.  She can perform work limited to simple, routine and repetitive tasks involving only simple work related decisions with few, if any, work place changes and no more than occasional interaction with the public, coworkers, and supervisors.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found she would be unable to perform any of this PRW.  (Tr. 21, Finding 6).   The ALJ also evaluated whether there was other work existing in significant numbers in the national economy Plaintiff could perform.  (Tr. 21-22, Finding 10).   The VE testified at the administrative hearing regarding this issue.  (Tr. 38-87). Specifically, the VE stated that with Plaintiff's limitations, a hypothetical person would be able to perform work such as a charge accounting clerk with 32,350 such jobs in the national economy and 385 such jobs in Arkansas; dressing clerk with 24,551 such jobs in the national economy and 142 such jobs in Arkansas; call out operator with 15,697 such jobs in the national economy and 121 such jobs in Arkansas; and document preparation clerk with 96.309 jobs in the national economy and 785 such jobs in Arkansas.  (Tr. 22).  Based upon this testimony, the ALJ determined Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy.  *Id.* Because Plaintiff retained the capacity to perform other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from January 1, 2010 through the date of his decision or through July 5, 2011.  (Tr. 22, Finding 11).

On July 14, 2011, Plaintiff requested the Appeals Council's review the ALJ's unfavorable

decision. (Tr. 4). *See* 20 C.F.R. § 404.968. On September 9, 2011, the Appeals Council declined to review this disability determination. *Id.* On October 11, 2011, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 10-11. This case is now ready for decision.

2.     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or

4

psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal brief, Plaintiff raises the following arguments for reversal: (1) the ALJ erred in evaluating the opinion evidence contained in the record; and (2) the ALJ erred in evaluating her RFC. ECF No. 10 at 1-20. Because the ALJ erred by failing to fully evaluate her Global Assessment of Functioning ("GAF") scores of 50 and below, this Court will only address Plaintiff's second argument for reversal.

In social security cases, it is important for an ALJ to evaluate a claimant's GAF score or scores in determining whether that claimant is disabled due to a mental impairment. GAF scores range from 0 to 100. Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000). The Eighth Circuit has repeatedly held GAF scores must be carefully evaluated when determining a claimant's RFC. *See, e.g., Conklin v. Astrue,* 360 F. App'x. 704, 707 (8th Cir. 2010) (reversing and remanding an ALJ's disability determination in part because the ALJ failed to consider the claimant's GAF scores of 35 and 40); *Pates-Fires v. Astrue,* 564 F.3d 935, 944-45 (8th Cir. 2009) (holding that the ALJ's RFC finding was not supported by substantial evidence in the record as a whole, in part due to the ALJ's failure to discuss or consider numerous GAF scores below 50).

Indeed, a GAF score at or below 40 should be carefully considered because such a low score reflects "a major impairment in several areas such as work, family relations, judgment, or mood." *Conklin,* 360 F. App'x at 707 n.2 (*quoting* Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000)). A GAF score of 40 to 50 also indicates a claimant suffers from severe symptoms. Specifically, a person with that GAF score suffers from "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000).

In the present action, Plaintiff has been repeatedly assessed as having a GAF score of 50 or below. On August 31, 2010, Plaintiff was assessed as having a GAF score of 50 by the Western Arkansas Counseling and Guidance Center. (Tr. 277-280). On September 9, 2010, Plaintiff was assessed as having a GAF score of 49 by the Western Arkansas Counseling and Guidance Center.

(Tr. 281). On October 4, 2010, Dr. Kathleen M. Kralik, Ph.D. evaluated Plaintiff during a consultative evaluation and found Plaintiff's current GAF score to be 45-55. (Tr. 294). On October 25, 2010, Plaintiff was assessed as having a GAF score of 50 by the Western Arkansas Counseling and Guidance Center. (Tr. 343-345). These GAF scores of 50 and below are also consistent with Plaintiff's testimony regarding her alleged mental impairments. Notably, Plaintiff testified at the administrative hearing in this matter that she has severe problems with motivation and with her ability to complete tasks due to both her depression and anxiety. (Tr. 52-56).

In his opinion, the ALJ did not discuss these low GAF scores. As noted above, a GAF score of 50 and below indicates a severe mental impairment. In this case, there are several GAF scores at and below 50. Because the ALJ was required to evaluate and provide a reason for discounting these low GAF scores but did not do so, Plaintiff's case must be reversed and remanded for further development of the record on this issue. *See Pates-Fires,* 564 F.3d at 944-45.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence. It is recommended that this case be reversed and remanded for further findings consistent with this opinion.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

ENTERED this 24th day of September 2012.

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE